UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL S. TRAN, M.D., ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-0075-G |
| CITIBANK (SOUTH DAKOTA), N.A., ) | |
| ) | **ECF** |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs, Michael S. Tran, M.D. and Trahn H. Tran ("the Trans" or "the plaintiffs"), to remand this case to the state court from which it was previously removed (docket entry 9). For the reasons discussed below, the motion is granted.

### I. BACKGROUND

#### A. Factual Background

This case arises out of the plaintiffs' purchase and subsequent protest of a $10,000 charge on their Citi Gold Aadvantage World MasterCard issued by the defendant Citibank. Plaintiff's Original Petition ("Petition") at 3. Citibank (South

Dakota), N.A. ("Citibank" or "the defendant") is a national bank with its principal place of business in Sioux Falls, South Dakota. Second Notice of Removal (docket entry 1 in case number 3:10-CV-0075-G) at 4. For purposes of diversity jurisdiction, national banks, like Citibank, are "deemed citizens of the States in which they are respectively located." *See* 28 U.S.C. § 1348. Accordingly, Citibank is a citizen of the state of South Dakota. The Trans, citizens of Texas, were issued a Citi Gold AAdvantage World MasterCard by Citibank prior to August 2006. Petition at 3.

In August of 2006, the plaintiff Michael S. Tran ("Michael S. Tran" or "Dr. Tran") purchased electronic equipment for use as part of his medical practice on his wife's Citi Gold Aadvantage World MasterCard. *Id.* Due to the equipment's defective condition, Dr. Tran canceled his purchase of the equipment and notified Citibank of his decision to stop all charges and/or to dispute all charges associated with the equipment. *Id.* Citibank failed to rescind the $10,000 transaction and made a payment of $10,000 to the seller. *Id.* at 5. Citibank then associated with defendant GC Services, a debt collection agency, to collect the debt from the Trans. *Id.* at 6.

B. Procedural Background

Dr. Tran filed suit against Citibank and GC Services in the 95th Judicial District Court of Dallas County, Texas, on November 13, 2008. Petition at 1. His original petition alleged breach of contract, unspecified violations of law with regard

to credit reporting, and violations of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 6.

The first removal to this court was effected on December 12, 2008. Original Notice of Removal (case number 3:08-CV-2207-G) at 3. The defendants GC Services and Citibank removed the case on the basis of federal question jurisdiction in light of Dr. Tran's claims under the FDCPA and/or Fair Credit Reporting Act. *Id.*

On January 16, 2009, Dr. Tran filed a motion to dismiss all federal law claims and requested remand of his state law claims against Citibank to state court. Second Notice of Removal at 2. On February 18, 2009, this court signed an order granting Dr. Tran's motion to dismiss his federal claims against defendant GC Services. *Id*. By order of the same date, the court granted Dr. Tran's motion to remand, sending this case (against Citibank only) back to the 95th Judicial District of Dallas County, Texas. *Id.*

Following remand, the state court, by order of March 25, 2009, set a mediation deadline of September 3, 2009. *Id.* at 3. Dr. Tran asked Citibank to join in a motion for continuance. *Id.* Citibank agreed, and the state court signed an agreed order of continuance on August 6, 2009, which extended the mediation deadline to December 31, 2009. *Id.* After conducting initial discovery and realizing that Dr. Tran lacked standing as a mere authorized user on his wife's credit card, Dr. Tran added his wife -- the actual cardholder -- as a plaintiff. *Id.* at 3, note 1.

The second removal to this court was effected on January 15, 2010. *Id.* at 1. On this occasion, Citibank removed on the basis of diversity of citizenship jurisdiction. *Id.* at 2. Citibank based the removal on a settlement demand it received from the plaintiffs during a mediation session indicating that the amount in controversy exceeded the threshold for this court to exercise diversity of citizenship jurisdiction. *Id.* The defendant offered the declaration of Even A. Moeller as evidence that the plaintiffs made a demand of more than $87,000 during mediation. *Id.*, Exhibit B. Citibank filed the notice of removal within 30 days after receiving the plaintiffs' settlement demand. *Id.* at 2. Citibank alleged that although it did not file the notice of removal within one year of commencement of the suit, it is entitled to an equitable extension because the plaintiffs manipulated the rules for determining federal removal jurisdiction. *Id.*

On January 29, 2010, the Trans filed this motion to remand ("Motion"), arguing that Citibank's notice of removal is untimely under 28 U.S.C. § 1446(b) because it is filed "more than 1 year after commencement of the action." Motion at 1. The Trans further allege that Citibank has not shown and cannot show any improper conduct of the plaintiffs as grounds for the requested "equitable extension" of the one-year deadline imposed by 28 U.S.C. § 1446(b), and that Citibank is prohibited from using the oral "communication" relating to the action "made by a participant in an alternative dispute resolution procedure" to prove diversity

jurisdiction under the TEXAS CIVIL PRACTICE & REMEDIES CODE § 154.073(a). Motion at 1-2.

## II. ANALYSIS

### A. Motion to Remand

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

28 U.S.C. § 1446(b) governs the procedure for removing civil cases. The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Citibank relies on the second paragraph of § 1446(b) to support its current removal: "[a]lthough this case was not removable upon this Court's remand of February 18, 2009, it became removable on December 17, 2009 because of a settlement demand received by Citibank establishing this Court's diversity jurisdiction." Second Notice of Removal ¶ 7. It is not clear how the present removal satisfies § 1446(b)'s requirement of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," for the settlement demand at issue was apparently oral (*not* -- in the language of § 1446(b) -- an "other paper"). *See* Motion at 2 ("Defendant is prohibited . . . from attempting to establish that an oral 'communication'" can trigger

- 6 -

removal); Defendant Citibank (South Dakota), N.A.'s Memorandum in Support of Response to Plaintiff's Motion to Remand at 18 (plaintiffs will have to prove damages "which they unambiguously stated to be in excess of $87,000.00 at mediation").  "Almost without exception, [courts] have held that the paper required in [section] 1446 must be a part of the underlying suit rather than an outside development in removal jurisdiction."  *Walker v. Motricity Inc.*, 627 F. Supp.2d 1137, 1142 (N.D. Cal. 2009) (quoting *Phillips v. Allstate Insurance Company*, 702 F. Supp. 1466, 1468-69 (C.D. Cal. 1989)), *rev'd in part on other grounds*, 2010 WL 2725589 (9th Cir. July 2, 2010).  See also *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994) (oral communication between counsel that the plaintiff would seek damages "in the six figure range" did not satisfy the "other paper" requirement of § 1446(b), making removal premature under the express language of § 1446(b)).

Even if the "other paper" problem is ignored, however, the court is not persuaded that Citibank's second removal to this court was proper.  Section 1446(b) establishes a one-year time limit for removal in diversity of citizenship cases. Citibank admits that this removal occurred after the statutory time limit had expired, but it argues for an equitable extension under the authority of *Tedford v. Warner-Lambert Company*, 237 F.3d 423, 426-27 (5th Cir. 2003), "because Plaintiffs manipulated the rules for determining federal removal jurisdiction."  Second Notice of Removal ¶ 9.  The alleged manipulation was that (1) the plaintiffs previously

- 7 -

dismissed all federal claims and successfully sought remand to their tribunal of choice, the state district court; (2) after remand, the plaintiffs obtained Citibank's consent to a motion for continuance which, when granted by the state district court, extended the mediation deadline past the one-year time limit for removing the case; and (3) the plaintiffs did not quantify their damages until after the one-year deadline had passed, namely, at the mediation session on December 17, 2009.

The court is not convinced that this conduct is tantamount to "manipulation" that would call into play *Tedford's* equitable extension of the one-year statutory time limit on removal. To the contrary, it finds persuasive the reasoning in *Foster v. Landon*, No. Civ. A. 04-2645, 2004 WL 2496216 (E.D. La. Nov. 4, 2004), which granted a motion to remand under circumstances similar to this case.

In *Foster*, the plaintiff alleged in his state court petition that the amount of his damages arising from vehicular personal injuries did not exceed $75,000. After the one-year time limit for removal prescribed by § 1446(b), the plaintiff sent the defendant a settlement demand letter, with supporting medical records attached, indicating that the amount in controversy was more than $75,000. *Id*. at *2. The defendant removed the case to federal court, relying on *Tedford*. The federal district court found it "troubling" that the plaintiff "expressly state[d] that the case was not worth $75,000 in the initial pleading, when stating an amount in controversy is not necessary to satisfy the pleading requirements of state court," only to change his

evaluation of the case after a year, "particularly when he had a prior medical report that indicated a disc injury." *Id*. The court concluded that these facts gave rise to an "aroma of manipulation." The question for decision, however, was "whether this aroma of manipulation is sufficient to trigger the rarely used exception of equitable tolling." *Id*.

As to that issue, the court determined that "[t]hough suspicious, the record in this case does not present the egregious, clear pattern of forum manipulation as in [*Tedford* and other cases equitably extending § 1446(b)'s one-year deadline]." *Id*. Although the plaintiff may have delayed by a few months in sending his demand letter and medical records indicating that the federal jurisdictional amount was satisfied, "such conduct hardly rises to the transparent attempt to circumvent federal jurisdiction presented in *Tedford*." *Id*. at *3. Accordingly, the court held that balancing the equitable exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed required granting the plaintiff's motion to remand. *Id*. at *2-3. See also *Peres v. JPMorgan Chase Bank, N.A.*, No. 3:07-CV-0569-B, 2007 WL 1944376 at *3 (N.D. Tex. June 19, 2007) (merely suspicious behavior is not enough to demonstrate bad faith or forum manipulation, citing *Foster*).

Citibank, as the party invoking this court's jurisdiction, has the burden to show that removal was proper. *Manguno v. Prudential Property and Casualty Insurance*

*Company*, 276 F.3d 720, 723 (5th Cir. 2002). It has failed in that burden of proof. Because "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court," *Cross*, 810 F. Supp. at 750, the motion to remand is granted.

### B. Attorney's Fees

The Trans seeks attorney's fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005). Citibank's reason for removal in this case was objectively reasonable. Therefore, the Trans' claim for attorney's fees is denied.

### III. CONCLUSION

For the reasons discussed above, plaintiffs' motion to remand is **GRANTED**.

This case is **REMANDED** to the **95th Judicial District of Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

September 20, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**